JOSEPH SNUFFIN, ADMINISTRATOR, &c., RESPONDENT, v. WILLIAM G. McADOO, DIRECTOR GENERAL OF RAILROADS, APPELLANT.

Argued March 6, 1919—Decided June 20, 1919.

Under the provisions of the statute of 1909 (*Pamph. L., p.* 137), a person who crosses a railroad at a public highway, where a bell, designed to protect travelers, has been installed, is entitled to assume that such warning appliance is in good order and will be duly and properly operated, unless a written notice "Out of Order" is posted in a conspicuous place at such crossing; and under such circumstances the failure of the person to "stop, look and listen" before starting to cross the tracks, will not bar his right to recover due to such failure of the railroad company.

On appeal from the Supreme Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Albert S. Woodruff.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff's intestate, riding on a motorcycle, was struck and killed on the 20th day of August, 1918, by a locomotive engine of the defendant railroad company, while he, the decedent, was propelling his vehicle across the railroad tracks of the defendant's railroad at a public crossing at Atco.

The negligence charged, in the plaintiff's complaint, as the cause of the accident which resulted in the decedent's death, was the failure of the crossing bell, installed by the railroad company at that point, to ring so as to give timely warning of an approaching train; and further, that the crossing bell was out of order.

The appellant's sole ground of appeal from the judgment entered upon the verdict of a jury in favor of the plaintiff and against the former is stated in the record thus: "Be-

cause the court refused to direct a verdict for the defendant, for the reason that deceased was guilty of contributory negligence in riding his motorcycle upon the crossing immediately in front of defendant's oncoming train."

On this branch of the case there was evidence that warranted the jury in finding that the crossing bell did not ring and that the bell was out of order, and that there was no notice posted in a conspicuous place at the crossing notifying the public that the bell was out of order.

The statute of 1909 (*Pamph. L., p.* 137), in substance, provides that any person approaching the right of way of a railroad which crosses a public highway and at which a crossing bell has been installed by the railroad company designed to protect the traveling public from danger in passing over the crossing, is entitled to assume such warning appliance is in good and proper order and will be duly and properly operated, unless a written notice "Out of Order" be posted in a conspicuous place at such crossing, whereby such traveler will be warned of any danger in passing over said crossing, and that the failure to post such notice shall not bar any action for injuries to person or property, or for death caused at such crossing because of the failure of the person injured or killed to stop, look and listen before passing over the crossing.

Therefore, under the conditions which confronted the deceased, at the crossing, he was relieved from any obligation "to stop, look and listen" before starting to cross the railroad tracks. He had a right under the statute to rely on the warning of the crossing bell for his safety, and, in the absence of the notice "Out of Order," was entitled to assume that it was safe for him to cross the tracks. In view of the statutory declaration the argument of counsel of appellant that if the deceased had looked he could have seen the train approaching before going onto the track, and that his failure to look was contributory to his injury and death, and that, therefore, the plaintiff's right of action was barred, is obviously without legal force.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.