EMIL F. P. DOST AND EMMA DOST, PLAINTIFFS, v. AT-LANTIC CITY RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Argued October 2, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *Albert S. Woodruff.*

For the defendant, *French, Richards & Bradley.*

PER CURIAM.

This is a railroad crossing case in which there was a verdict and judgment for the plaintiffs.

The plaintiffs are husband and wife, and were in an automobile early in the morning proceeding to the place where the husband worked. The route lay across the railroad tracks of the defendant, and both husband and wife were entirely familiar with the crossing. They were equally familiar with the train schedule and knew that a train was due at that time. The automobile was struck by that particular train which was slowing up for the local station.

We need not consider the contradictory testimony bearing on the question whether either of the statutory signals was given, as we are clear that both plaintiffs were guilty of contributory negligence. The locality is perfectly level, the railroad track was on the grade of the surrounding land and the train, which was not moving fast, was in plain sight for fully a quarter of a mile. There was only one railroad track. It is claimed by the plaintiffs that they were prevented from seeing the train because of the intervention of a low bank of earth bordering the railroad track which was about three feet high and on which grew grass and weeds for perhaps one and one-half feet in addition. This bank directly adjoined the railroad track so that it is conceivable that one sitting in an automobile which is on the point of entering on the track may for a moment lose sight of an approaching train. But on the other hand, as demonstrated by the photographs, the train is plainly visible at any point up to say within ten feet or so of the track itself. In our estimation the failure of the plaintiffs or either of them to see this train under the circumstances, it being broad daylight and the weather being clear, speaks conclusively of contributory negligence, and this view we think is borne out by such cases as *Fisher* v. *West Jersey Railroad,* 2 *N. J. Mis. R.* 1161; *Stryker* v. *Pennsylvania Railroad,* 6 *N. J. Adv. R.* 567, and *Dourte & Irelan* v. *Pennsylvania Railroad Co.,* 6 *N. J. Mis. R.* 659.

The rule to show cause will be made absolute.