**MASINO v. WEST JERSEY & S. S. R. CO.**

No. 4286.

Circuit Court of Appeals, Third Circuit.

May 29, 1930.

C. Donald Swartz and Swartz & Campbell, all of Philadelphia, Pa., for appellant.

Francis Biddle, Owen J. Wister, and Barnes, Biddle & Myers, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and SCHOONMAKER, District Judge.

WOOLLEY, Circuit Judge.

At the railroad crossing there was a bell designed to give warning of the approach of a train. There was, of course, a bell on the engine. In this suit for death at the crossing, the testimony for the plaintiff was that neither bell was ringing; for the defendant, that both were ringing. Being within city limits, the engine whistle was not sounded.

The court charged the jury that it was the duty of the defendant to give adequate warning; that if it gave warning by either bell, that is, even if the crossing bell, being out of order, was not ringing, yet the engine bell was ringing, the plaintiff could not recover. Although we might assume from the verdict for the defendant that both bells

were ringing and must assume that one or the other was ringing, we shall, in order clearly to raise and squarely meet the matter of law assigned as error in the instruction, assume that the engine bell rang and that the crossing bell was out of order and did not ring. On this assumption and by virtue of the New Jersey Railroad Crossing Act of 1909 (chapter 96, page 137 [3 Comp. St. N. J. 1910, p. 4238, § 36b]), as she interprets it, the plaintiff says she cannot be defeated in this action even if the decedent were guilty of contributory negligence in not stopping or looking or listening as he approached the track, that is, as we understand it, in not exercising any care on his part, and maintains, therefore, the court erred in submitting a question of contributory negligence to the jury. The applicable law (act of 1909) provides in part that where a railroad has installed a bell at a grade crossing and it is out of order, unless a notice to that effect has been posted, persons approaching the crossing shall be entitled to assume that the bell is in good order, and that in an action brought for injuries or for death caused at a crossing so protected "no plaintiff shall be barred of the action because of the failure of the person injured or killed to stop, look and listen before passing over said crossing."

The pertinent facts, shortly stated, are as follows:

Joseph Masino, son of the plaintiff, was killed by one of the defendant's trains at a grade crossing in the city of Camden, New Jersey. At the trial there was evidence that the accident occurred in daylight on a clear winter morning; that the young man, driving a truck, was familiar with the crossing; that 28 feet from the rail nearest him there was an unobstructed view in the direction from which the train was coming of 1732 feet—one-third of a mile; that the train was moving at about 25 miles an hour and the truck at about 20 miles; that on approaching the track the driver neither stopped, looked, nor listened, nor was he observed to do anything else to protect himself, but, trailing another truck (which barely got across), he came on at undiminished speed and ran into the train. When the question of contributory negligence arose the plaintiff, not being able to prove that the decedent did look or did listen, relied on the presumption of law in case of a decedent that he had done everything for his own protection which the law required him to do. It may be observed that this, after all, is only a presumption, and that, ordinarily, it may be rebutted by evidence that he did not exercise the required care. On a suffi-

cient showing, ordinarily, the presumption falls. But the plaintiff maintains that by force of the cited act it remains, or, stated differently, the statute eliminates all questions of contributory negligence on the theory that when a bell or gate or other device of warning is not operating it is, unless posted as "out of order," an invitation to the traveler to cross—and to cross without the exercise of care in any degree for his own safety. And such, indeed, seems on first view to be the law as declared by the Court of Errors and Appeals of New Jersey in Snuffin v. McAdoo, 93 N. J. Law, 231, 107 A. 422. In that case the facts—except that the crossing bell was out of order and did not ring—were not stated. Seemingly the question of law, submitted and decided, centered on the decedent's contributory negligence in failing to "stop, look and listen." The court, having referred to the act, said:

"Therefore, under the conditions which confronted the deceased, at the crossing, he was relieved from any obligation 'to stop, look, and listen' before starting to cross the railroad tracks. He had a right under the statute to rely on the warning of the crossing bell for his safety, and, in the absence of the notice 'out of order,' was entitled to assume that it was safe for him to cross the tracks. In view of the statutory declaration [that 'no plaintiff shall be barred of action because of the failure of the person injured or killed to stop, look and listen before passing over said crossing'] the argument, of counsel of appellant, that if the deceased had looked he could have seen the train approaching before going onto the track, and that his failure to look was contributory to his injury and death, and that therefore the plaintiff's right of action was barred, is obviously without legal force."

We quote all of the pertinent part of this short opinion because, in so far as we have been informed, it is the first case on the statute in New Jersey, and for the reason that in succeeding cases decided by the Supreme Court of that state, which though an intermediate appellate tribunal is of sufficient importance to compel observance of its decisions, Erie R. R. Co. v. Hilt, 247 U. S. 97, 38 S. Ct. 435, 62 L. Ed. 1003, the principle seems not to have been closely followed.

In the next case—Passarello v. West Jersey & S. S. R. R. Co., 98 N. J. Law, 790, 121 A. 708—involving the same act relating to safety gates, bell, and other devices at crossings, the Court of Errors and Appeals held that on being open or silent they con-

stitute an invitation to cross and, therefore, the statute imposes a duty upon the railroad to operate them rightly, otherwise it would be guilty of primary negligence which the court said, of course, must be found in order that questions of contributory negligence may be rested upon it, intimating, though not deciding, that the act of 1909 had not eliminated all questions of contributory negligence in cases of crossing accidents.

The kindred Crossing Act of April 12, 1910 (P. L. p. 490 [3 Comp. St. N. J. 1910, p. 4238, § 36c]), provided that in an action against a railroad company to recover for injuries or death at any crossing without safety gates or warning device the plaintiff shall not be nonsuited for contributory negligence but the question shall be left to the jury.

In Lynch v. Pennsylvania Railroad Co., 88 N. J. Law, 408, 96 A. 395, 398, construing this statute as involving matter of procedure rather than of substance, the Supreme Court determined whether the evidence sustained the finding that the plaintiff was not guilty of contributory negligence, by obeying the law that when approaching a place of known danger he should exercise reasonable care for his safety, on facts as to the position of the traveler and unobstructed view much weaker than those in this case, and found he did not look or else looked ineffectively, and negligently contributed to his injury.

Again construing the act of April 12, 1910, as affecting procedure, the Supreme Court in Stryker v. Pennsylvania R. Co., 104 N. J. Law, 299, 140 A. 451, 452, said:

"While this act precluded control of the case by the court at the trial through nonsuit or directed verdict, the fundamental rule that contributory negligence defeats recovery remains. * * *"

In Dost et al. v. Atlantic City R. Co., 145 A. 475, 7 N. J. Misc. R. 326, the statement of facts is meager. By citing the case of Stryker v. Pennsylvania R. Co., supra, as authority, we infer that the action was under the act of 1910. The court found it unnecessary to consider the contradictory testimony bearing on the question "whether either of the statutory signals was given," for as the train was in sight fully a quarter of a mile away it was "clear that both plaintiffs were guilty of contributory negligence."

There is nothing in these state decisions, when read together, that is inconsistent with the interpretation of the New Jersey Act of 1909 in respect to contributory negligence which, before they were rendered, this court made in Erie R. Co. v. Schmidt, 225 F. 513, 517, where it said:

"A railroad company may protect a crossing by a safety device, or by a flagman, or by both these means. If the device is not in order, due notice to that effect must be given; in the absence of such notice, an approaching traveler may assume that the device is in order and will be duly and properly operated. * * * And, if the traveler be nevertheless injured or killed, no action brought for such injury or death shall be defeated by the mere fact that the traveler did not stop, look, and listen. * * * The railroad [sic] is mistaken in supposing that the act compels the trial judge to submit to the jury every case of injury or death at a protected grade crossing in New Jersey. The evidence may establish contributory negligence so clearly that the judge would be bound to give the jury binding instructions in favor of the railroad. The act does no more than declare as a rule of evidence that in certain situations the mere fact that the deceased did not stop, look, and listen shall not of itself defeat recovery; but it does not attempt to lay down a rule that every grade crossing case where contributory negligence is alleged must be submitted to a jury. * * *

"The Legislature has done nothing more than exercise its conceded power to regulate procedure; it simply provides that a plaintiff is not to be defeated unless more than a specified minimum of evidence be present."

Relying upon the interpretation of the New Jersey Act made in Erie R. Co. v. Schmidt, this court in Delaware, L. & W. R. Co. v. Welshman, 229 F. 82, L. R. A. 1916E, 816; Delaware, L. & W. R. Co. v. James, 241 F. 344 and Hall v. West Jersey & S. S. R. Co., 244 F. 104, sustained judgments where in each case the court submitted general questions of contributory negligence to the jury notwithstanding the provision of the statute that the plaintiff's failure to stop, look, and listen shall not bar the action.

These federal decisions, summarized, are to the effect that the New Jersey statute prescribes a rule of evidence in respect to certain situations and that the plaintiff is not to be defeated because of contributory negligence unless *more* than a named quantum of evidence or more than evidence of a specified character, on that question be present. This specified evidence is that of the stop, look and listen rule which prevails in some other jurisdictions. This rule, it should be observed, is in the conjunctive. It requires a traveler

to "stop, look *and* listen." Though the rule contemplates three actions they constitute in law one composite action which is incomplete if one of its parts is lacking. The statute denounces this rule as a mandatory requirement of recovery. In other words, it regards the rule as harsh and therefore says, merely, that on proof alone of the fact that the injured or deceased person did not stop and look and listen he shall not be barred of the right to try his case to a jury. It does not say that contributory negligence shall not bar recovery. The statute, providing specifically that failure to do these conjoint acts shall not bar an action, and providing nothing further, manifestly intends that the law of contributory negligence shall in all other respects remain as before, particularly, that a traveler, before crossing a railroad, shall "look up and down the tracks, and also listen, for approaching trains, and that his failure to do so * * * will prevent a recovery." Swanson v. Central Railroad Co., 63 N. J. Law, 605, 44 A. 852; Stryker v. Pennsylvania R. Co., 104 N. J. Law, 299, 140 A. 451, 452. This is the drift of the New Jersey decisions. Indeed, we find no case in which any court of New Jersey has said, or intimated, that a traveler, responding to the invitation of a silent bell, may blindly go upon a railroad track absolved by the statute from all duty to exercise care for his safety. In the case at bar the trial court recognized the rule of care and caution and applied it by submitting the case to the jury, not to try out the question whether the decedent stopped, looked and listened for that was precluded by the statute, but to try the question whether he otherwise exercised the care and caution which, in the situation, the law required of him.

While the statute lightens the duty of the traveler, we are of opinion that it does not destroy the mutual care and caution which the general law requires of those moving in opposite directions over the junction of a highway and railroad; nor does it relieve the traveler of all duty to exercise care for his own safety and place on the railroad sole responsibility for an accident and in this way eliminate all questions of contributory negligence. However that may be, it is certain that, while the federal court in the New Jersey district should conform to the procedure prescribed by the state act, Erie R. Co. v. Schmidt (C. C. A.) 225 F. 513, 518, federal courts in other districts, as in this case, are not required to conform to its provisions.

The judgment of the District Court is affirmed.