FRANK BARCOLINI, BY HIS NEXT FRIEND, DEFENDANT IN ERROR, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued June 6, 1911—Decided November 13, 1911.

Section 55 of the General Railroad law (*Pamph. L.* 1903, *p.* 673), in terms, precludes any recovery for damages due to injuries received under the conditions therein mentioned, and applies to all persons alike, without distinction as to their age or physical or mental condition.

On error to Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Thompson & Smathers.*

For the defendant in error, *Garrison & Voorhees* and *Wescott & Wescott.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff, a child twenty-one months old, strayed upon the private right of way of the defendant company, incorporated under the General Railroad act of 1903 (*Pamph. L., p.* 645), at a place not a public crossing, and was struck by defendant's car, resulting in the loss of one of his legs. Judgment was recovered by the plaintiff for $2,500 in the Atlantic Circuit Court, to review which this writ of error has been sued out. A motion to direct a verdict for the defendant was refused, and error has been assigned thereon.

Neither in the declaration was there a charge that the injury was willfully caused, nor was there evidence offered to that effect. Throughout the plaintiff argued that the defendant's servant in charge of the car failed to use due care after he had seen the child. The motorman's testimony was uncontradicted

and showed that as soon as the child came in sight, he used every effort to stop the car, but without success.

The defence was rested upon section 55 of the General Railroad law (*Pamph. L.* 1903, *p.* 673, § 55), which reads as follows:

"It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad, except when the same shall be laid upon a public highway, if any person shall be injured by an engine or car while walking, standing or playing on any railroad, or by jumping on or off a car while in motion, such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad; *provided,* that this section shall not apply to the crossing of a railroad by any person at any lawful public or private crossing."

This statute is a bar to recovery by any person who walks, stands or plays upon a railroad. It in terms precludes any recovery for damages due to injuries received under the conditions therein mentioned, and applies to all persons alike, without distinction as to their age or physical or mental condition.

The motion to direct a verdict for the defendant should have prevailed, and in consequence of this error, the judgment of the Circuit Court will be reversed to the end that a *venire de novo* be awarded.