# ERIE RAILROAD COMPANY *v.* HILT, AN INFANT, BY HIS NEXT FRIEND, ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 846.   Argued May 3, 1918.—Decided May 20, 1918.

The New Jersey law providing that any person injured by engine or car while walking, standing or playing on any railroad shall be deemed to have contributed and shall not recover from the company (Comp. Stats., 1911, p. 4245), applies to a boy less than seven years old.

In the absence of a decision of the state supreme court, this court inclines to follow an intermediate appellate tribunal in construing a state statute.

When the injured child's object in reaching under a car was to recover a plaything, *held* there was no basis for implying an invitation on the part of the railroad company.

246 Fed. Rep. 800, reversed.

THE case is stated in the opinion.

*Mr. George S. Hobart,* with whom *Mr. Gilbert Collins* was on the brief, for petitioner.

*Mr. Raymond Dawson,* with whom *Mr. James J. Murphy, Mr. Edwin F. Smith* and *Mr. Samuel Greenstone* were on the brief, for respondents:

The statute does not apply to infants of tender years. In *Barcolini* v. *Atlantic City & Shore R. R. Co.,* 82 N. J. L. 107, the New Jersey Supreme Court held that the statute applied to an infant of the age of 21 months. The Court of Errors and Appeals (the highest court of that State) has never passed upon the question, and the decision of the Supreme Court is not binding upon the federal courts.

While it may be true that the statute was passed to prevent accidents on railroads, and to discourage the walking, standing or playing on railroad tracks of persons who have arrived at such an age as to fully appreciate the dangers of so doing, yet to apply the terms thereof to infants of such tender years as to be incapable of caring for their own safety seems harsh and inhumane, and not in accordance with the true intent of the legislature. It has always been the policy of the State to safeguard the life and limb of its citizens, and particularly those too young to take care of themselves.

While there are decisions by the courts of New Jersey holding that one going upon the lands of another as a trespasser or mere licensee can recover from the owner only in case of injury wilfully or wantonly inflicted, there is no such settled rule of law established by the decisions of the New Jersey tribunal of last resort as would be binding upon the federal courts under the circumstances of this case. *Snare & Triest Co.* v. *Friedman,* 169 Fed. Rep. 1, 15.

The federal courts, realizing the inability of children of tender years to care for themselves, and the dangers which their impulsiveness and thoughtlessness leads them

into, have refused to hold that when attracted and enticed into a place of danger for the purpose of play, they cannot recover for injuries received due to the owner's negligence, where the owner knew, or had reason to know, of the custom of such children to be at such place. *Railroad Co.* v. *Stout,* 17 Wall. 657.

The wording of the statute plainly indicates that there must be a voluntary action upon the part of the person injured, accompanied by an understanding of the action taken. Surely an idiot or insane person straying on to a railroad track and injured by a train could not be "deemed to have contributed to the injury sustained" by him. See *State* v. *Brown,* 38 Kansas, 390.

This court has held that an infant of tender years cannot be guilty of contributory negligence. How, then, could such a one, injured while on a railroad track, be "deemed to have contributed to the injury sustained?" Had the legislature intended the statute to be applicable to such infants, it would have said so. *Erie R. R. Co.* v. *Swiderski,* 197 Fed. Rep. 521.

For years prior to the accident such infants had been accustomed to play in and upon the tracks at this point, and in, upon and between railroad cars standing thereon. Of these facts the defendant had actual knowledge; all of its servants working nearby knew of it, and the crew of the train which backed into the cars where the plaintiff was, knew of it. By permitting children of tender years so to play upon said railroad tracks, and in, about and between said cars, the defendant impliedly invited them so to do. *Kaffe* v. *Milwaukee & St. Paul R. R. Co.,* 21 Minnesota, 207, 211; *Union Pacific R. R. Co.* v. *McDonald,* 152 U. S. 262; Cooley on Torts, c. 10, p. 303. The defendant could not invite the plaintiff upon its premises and then interpose the statute as a defense to an action to recover damages for injuries inflicted upon him by reason of its negligence.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries caused by the plaintiff being run over on a siding of the defendant's railroad at Garfield, New Jersey. The plaintiff was a boy less than seven years old and had been playing marbles near the siding when a marble rolled under a car. The boy tried to reach the marble with his foot and while he was doing so the car was backed and his left leg was so badly hurt that it had to be cut off. A statute of New Jersey provides that "if any person shall be injured by an engine or car while walking, standing or playing on any railroad, . . . . such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad," with a proviso that the section shall not apply to the crossing of a railroad at a lawful crossing. General Railroad Law, § 55; Compiled Stats., 1911, p. 4245, citing P. L. 1903, p. 673. The trial court, notwithstanding this statute, allowed the plaintiff to go to the jury and to obtain and keep a verdict, following such precedents in the circuit as *Erie R. R. Co.* v. *Swiderski,* 197 Fed. Rep. 521, and the judgment was affirmed by the Circuit Court of Appeals. 246 Fed. Rep. 800.

The ground of the decision seemingly is that the statute does not appear beyond doubt to apply to very young infants, although the word "playing" sufficiently indicates that it had minors in view, even if the absoluteness of the opening phrase "any person" were not enough to exclude the reading in of exceptions by the Court. The words of the statute seem to us to require a different construction from that adopted and they have been given their full literal meaning by the Supreme Court of the State in the case of an infant younger than the plaintiff. *Barcolini* v. *Atlantic City & Shore R. R. Co.,* 82 N. J. L. 107. In view of the importance of that tribunal in New

Jersey, although not the highest Court in the State, we see no reason why it should not be followed by the Courts of the United States, even if we thought its decision more doubtful than we do.

There is no ground for the argument that the plaintiff was invited upon the tracks. Temptation is not always invitation. *Delaware, Lackawanna & Western R. R. Co. v. Reich,* 61 N. J. L. 635. *Holbrook* v. *Aldrich,* 168 Massachusetts, 15, 16. *Romana* v. *Boston Elevated Ry. Co.,* 218 Massachusetts, 76. In this case too the plaintiff was not moved by the temptation, if any, offered by the cars, but by the wish to recover his marble. Therefore it is unnecessary to consider whether an express invitation would have affected the case, or what conclusion properly could be drawn from the fact that children had played in that neighborhood before and sometimes had been ordered away. The statute seemingly adopts in an unqualified form the policy of the common law as understood we believe in New Jersey, Massachusetts, and some other States, that while a landowner cannot intentionally injure or lay traps for a person coming upon his premises without license, he is not bound to provide for the trespasser's safety from other undisclosed dangers, or to interrupt his own otherwise lawful occupations to provide for the chance that someone may be unlawfully there. *Turess* v. *New York, Susquehanna & Western R. R. Co.,* 61 N. J. L. 314. *Delaware, Lackawanna & Western R. R. Co.* v. *Reich; Holbrook* v. *Aldrich; Romana* v. *Boston Elevated Ry. Co., supra.*

*Judgment reversed.*

In the absence of a decision of the highest Court of New Jersey holding otherwise, MR. JUSTICE DAY and MR. JUSTICE CLARKE are of opinion that the Circuit Court of Appeals was right in holding the statute inapplicable to a child of seven, and therefore dissent.