Cushing, J.
January 14, 1916, Edwin Golay, an infant seven years of age, entered the butcher shop of Joseph Taphorn, and was injured by placing bis hand in the meat grinding machine. Golay claimed that Taphorn was negligent in that he permitted the electric meat grinding machine to run unguarded, unprotected and unattended, which machine attracted plaintiff, unable to realize the danger of playing with same, and that' while playing with’ the meat grinding machine plaintiff placed his hand in the grinder so that his right hand and arm were mangled and crushed.
On entering the shop there was a space, 8 by 13 feet, provided for customers. At the left and rear of this space were counters. Between the ends of the counters was a passageway 26 inches wide, giving access to the rear of the store. The meat grinding' machine, about 3 feet high, telephone booth and stove were in the space at the rear. Taphorn was back of the short counter waiting on a customer. After starting the grinder and placing meat in it, he went to another part of the store. The boy, Golay, came into the store, walked 'back of the counter, and, while Taphorn was either away from the grinder or was turning away from it, put his hand in the hopper and was injured. The record does not disclose that Tap-horn, who died before the action was tried, knew that the boy was in the store or back of the counter near the grinder.
At the close of plaintiff’s case, defendant moved for an instructed verdict. This motion was' renewed at the conclusion of all the evidence, and overruled.
*321 There was a verdict and judgment in favor of the plaintiff. Plaintiff in error contends that 'the verdict and judgment are contrary to law and not supported by any evidence.
This case differs from Ziehm v. Vale, 98 Ohio St., 306. There the automobile was standing on a public street and Ziehm knew that a boy four years old had been playing on the running board. After driving him off and starting the engine, he did not take the precaution to find out whether the child was on or near the automobile when he started it. In this case, Taphorn did not know that the boy was in the store. The motion for an instructed verdict should have been granted.
It is unnecessary to consider the other assignments of error.
On authority of Railroad, Co. v. Harvey and Swarts v. The Akron Water Works Co., 77 Ohio St., 235, and Holbrook v. Aldrich, 168 Mass., 15, cited with approval in Erie Rd. Co. v. Hilt, 247 U. S., 97, 101, the judgment will be reversed.

Judgment reversed.

Shohl, P. J., and Hamilton, J., concur.