## RADIN v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Third Circuit.
April 6, 1929.

No. 3924.

Surosky & Surosky, of Paterson, N. J. (William Surosky, of Paterson, N. J., of counsel), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Kay, and Harvey R. Gamble, Sp. Asst. Attys. Gen. (C. M. Charest and L. W. Scott, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In November, 1919, Samuel Radin died intestate leaving a widow and two minor children. His widow, as administratrix, having carried on her husband's business, filed income tax returns for the two parts of the tax year of 1919 and one return for the whole of the tax year 1920. The Commissioner of Internal Revenue determined a deficiency of $5,665.96 in her income tax liability for the latter year. Embraced in this deficiency were two items. One arose from the action of the Commissioner in ignoring inventories made by the administratrix because (as he claimed) they did not clearly reflect the income, and in figuring the profit and computing the tax on the basis of certain entries found in the books and records of the business as reflecting the income more clearly. The other arose from inclusion by the Commissioner of a profit of $10,000 from the sale by the administratrix for $35,000 of an interest in certain real estate for which her husband had paid $25,000. She has filed this petition for review of an order of redetermination which the United States Board of Tax Appeals made against her on both items.

In respect to the petitioner's claim that the Commissioner when computing net income erred in ignoring her inventories, it will be enough to say that while the law (Revenue Act of 1918, 40 Stat. 1057) intended generally that the computation should be made in accordance with the method of accounting regularly employed by the taxpayer, the method of accounting which she pursued, as disclosed by the evidence, was such as to bring the matter within the exception of the provision and to justify the Commissioner in making the computation upon some other basis and in such manner as would in his opinion clearly reflect the income. The Revenue Act of 1918, § 212.

The other item—admittedly a profit from the sale of an interest in real estate—excluded by the administratrix from her return and included by the Commissioner when he determined the tax, turns on a question whether the interest was personal estate or real estate. The Board of Tax Appeals, being uncertain which it was, negatively upheld the Commissioner on a statement that it was "unable from the evidence to hold that the Commissioner erred in taxing the profit." But the Commissioner, although he had before him only the evidence that was before the Board, was required to know which it was in order to determine a valid tax. Whether it was personal estate or real estate cannot be left to surmise. It must be decided, because

according as it is one or the other it is taxable to the administratrix or to the heirs on their distributive shares.

The facts on this issue are meager. Shortly stated they are (with one omitted) as follows:

Samuel Radin before his death joined with others in a contract for the purchase of a tract of land for $171,200, of which he paid $25,000, his proportion of the purchase price. Before the contract of purchase had been completed by the delivery of the deed, Radin died. After his death his administratrix sold his interest for $35,000, netting the profit of $10,000 here in question.

On these facts the argument—probably made to the Commissioner, certainly made to this court—revolved around the question whether under New Jersey law the interest of a party in a contract for purchase of land is personal estate and remains such until the transaction is completed by delivery of the deed, or, as in some other states [Pennsylvania Co. v. Philadelphia Inquirer Co. (C. C. A.) 25 F.(2d) 701] is an equitable estate in land, arising and becoming complete on the execution of the contract, which on the purchaser's death before delivery of the deed descends to his heirs as real estate.

Ordinarily the only way the Commissioner or a court can decide that question is to hunt for and, when found, apply the state law. But as the Court of Chancery of New Jersey has, we think, decided that this specific asset was real estate (the one fact omitted from the statement), there was no occasion for the Commissioner to consider and there is no warrant for this court to decide the question. The matter has been decided by a high state court of competent jurisdiction whose decision, involving a rule of property, federal tribunals must follow. De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 S. Ct. 461; 41 L. Ed. 827; Erie R. Co. v. Hilt, 247 U. S. 97, 100, 101, 38 S. Ct. 435, 62 L. Ed. 1003.

The administratrix sold her decedent's interest in the land in question, not under an order of an Orphans' Court to pay debts, but under an order of the Court of Chancery within whose jurisdiction the decedent's real estate fell on his death. That court authorized her to make the sale and, on receiving the purchase money, to give a release in her individual capacity, which would carry her dower, in her capacity as guardian for the decedent's minor children, which, manifestly, was required only because they had an interest in the property sold, and (doubtless to cover every possible interest) in her capacity of administratrix as well. All this she

·did. But the court went further and by its decree affirming the sale recognized the widow's estate of dower, suspended until after the sale a claim which she had made for an interest in the land or its proceeds larger than dower, transferred the same from the land contract to the proceeds of the sale which it ordered to be paid into court, and recognized the rights of the minor children and required the widow to give security as their guardian to protect their distributive shares of the proceeds. None of these things the Court of Chancery would or could have done if the decedent's interest in the land transaction were personal estate and had vested in the widow qua administratrix. All of these things the court could have done only if the interest were real estate which had descended under the law of New Jersey to the decedent's heirs. Therefore, implicit in the matters ordered and approved by its decree is a pronouncement by the Court of Chancery upon the law of the case and a determination of the legal character of the asset in question. The decree removed the asset from federal income taxation against the administratrix.

The order of the United States Board of Tax Appeals when modified by excluding the profit of $10,000 on the property transaction from its redetermination of the 1920 tax will be affirmed.