ABRAHAM ZWILLMAN, PROSECUTOR, v. THE STATE OF NEW JERSEY, HONORABLE WILLIAM S. GUMMERE, CHIEF JUSTICE OF THE SUPREME COURT, AND WILLIAM C. ECKER, WARDEN OF THE ESSEX COUNTY PENITENTIARY, RESPONDENTS.

Argued January 7, 1931—Decided January 8, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Minturn & Weinberger.*

*Contra, Joseph L. Smith.*

PER CURIAM.

The present application seeks to review the dismissal by the Chief Justice of a writ of *habeas corpus.* The defendant was indicted on October 2d, 1928, charged with the crimes of atrocious assault and battery and assault with intent to kill. Eleven different trial days were set, and on February 11th, 1929, the defendant signed an application of waiver of trial. The application was granted and the trial proceeded before the Court of Special Sessions of Essex county. The defendant was convicted as charged. On March 12th, 1929, the defendant applied for a rule to show cause for a new trial. The court reserved decision, and on December 5th, 1930, discharged the rule. On December 12th, 1930, the defendant made a motion in arrest of judgment, which was denied by the court, and sentence was imposed. The sentence of the court was that the defendant be imprisoned in the Essex county penitentiary for a term of six months at hard labor and that he pay a fine of $1,000, and stand committed until the fine be paid.

After this sentence was imposed, the defendant applied to the Chief Justice for a writ of *habeas corpus.* Section 2 of the *Habeas Corpus* act provides: "That the following persons shall not be entitled to prosecute such writ: * * * II. Persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction."

Counsel for defendant contends, however, that the sentence by the Essex County Court of Quarter Sessions was invalid and that hence the writ should have gone, and that this court must issue the writ of *certiorari* in order that the action of the Chief Justice may be reviewed.

The law in this state relating to the suspension of sentence by the trial judge is most exhaustively reviewed by Vice-Chancellor Garrison in *State* v. *Osborne, 79 N. J. Eq.* 430.

He there said (at *p.* 445) : "As a general principle, I should say that either the successful or the defeated party in any litigated proceeding, civil or criminal, could move for judgment at any time when and after the matter was ripe for judgment.

"But if the defendant acquiesces, or does not object, it is difficult to see how he can be said to be injured. It is necessary to remember that the defendant has been convicted; that the court has the power to inflict the full measure of punishment; that if a defendant, thus in peril of suffering the full penalty of the law, is not visited with it, many things may happen favorable to him; while nothing worse than his present plight can possibly happen. If a defendant thus circumstanced sees fit not to object, or to acquiesce, I do not see who else is concerned that can complain, nor how he can legitimately complain.

"I feel quite sure that, under the criminal law, as administered in this state, where every right of the defendant is zealously guarded, and the state is held to have power to inflict punishment only when every step has been taken in exact accordance with legal procedure, there is no danger that a defendant will have any right violated, or be in any way oppressed, if the custom so long in vogue is continued.

"I am inclined to say—although, of course, not to find, because it is not in issue—that the power thus to indefinitely suspend sentencing, which exists in the court, is not exercisable in the face of an objection by the defendant; that when exercised, in default of objection, and with either implied or actual acquiescence, it is a lawful exercise of power residing in the court, and cannot result in the release of a prisoner subsequently sentenced, and who applies for a writ of *habeas corpus* for that purpose." And concluded on page 447 : "If there was error of any sort committed by the court in imposing this sentence—if there was abuse of discretion amounting to legal error—that is correctible by writ of error, and is clearly not reviewable under a writ of *habeas corpus.*"

The legislature by chapter 231 (*Pamph. L.* 1928, *p.* 407) amended section 55 of the Criminal Procedure act as fol-

lows: "After conviction and sentence the court before which such conviction was had upon the application of the defendant for a new trial shall have power at any time within the period of six months from the date of the entry of such conviction, to open and vacate the same and grant a new trial and discharge the defendant from custody upon bail, pending such new trial, and may also at any time within the period of thirty days from the date judgment is entered, but not thereafter, upon application of the defendant, or on its own motion, open and vacate the judgment entered on any conviction and resentence the defendant as right and justice may seem to require and discharge the defendant from custody upon bail, pending such resentence; provided, no writ of error is pending to review such judgment." And by chapter 232 (*Pamph. L.* 1928), provided as follows: "Where there has been a trial and a verdict of a jury or determination of a court sitting without a jury, it shall be the duty of the court to impose sentence within thirty days after the rendition of such verdict or determination."

It is argued that the effect of these legislative enactments is to require the court to impose sentence within thirty days after the rendition of a verdict, and that although the defendant in this case was seeking to have his conviction set aside the court must impose the sentence within the time fixed by law, although it was considering the matters urged on the defendant's rule, and thereby lost its power to impose sentence. Thus, the defendant by trick could defeat the state of its remedy.

It is inconceivable to suppose that the legislature intended any such result. As Vice-Chancellor Garrison pointed out in *State* v. *Osborne, supra,* the power to suspend sentence where the defendant does not object, resides in the courts of this state. It certainly resides in these courts where defendant, by his own motions, has delayed the imposition of sentence. Otherwise, the legislative enactment, which was obviously intended to be merely directory, would result in fugitives from justice and those who sought a new trial by rule to show cause on motions in arrest of judgment securing a

release from the penalties of the law and would, by the mere passage of days, secure immunity from punishment.

We see nothing in sections 53, 54 or 56 of the *Habeas Corpus* act (2 *Comp. Stat., p.* 2651) that makes it mandatory upon us to issue a writ of *certiorari* in a case such as this. Certainly the practice was not so understood by Vice-Chancellor Garrison in State *v.* Osborne, and no reason has been suggested to us to the contrary.

The writ will be denied.