### Ex parte ZWILLMAN.
### No. 4553.

Circuit Court of Appeals, Third Circuit.
Feb. 3, 1931.

Minturn & Weinberger and Harry H. Weinberger, all of Newark, N. J., and William T. Connor and John R. K. Scott, both of Philadelphia, Pa., for petitioner.

Joseph L. Smith, of Newark, N. J., for respondent.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge.

This is a petition to this court for the issuance of a writ of habeas corpus. The relator avers that he is deprived of his liberty without due process of law, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States, under the following circumstances:

He is detained and imprisoned in the Essex County Penitentiary under a commitment issued by a judge of the court of common pleas of Essex county, N. J. Under indictments charging him with atrocious assault and battery and assault with intent to kill, he waived trial by jury, and was convicted on February 11, 1929. Sentence having been suspended by the trial court, he applied for a new trial, and a hearing was had upon his rule to show cause on March 12, 1929. The court held the matter under advisement until December 5, 1930, on which date the rule to show cause was discharged. On December 12, 1930, a motion in arrest of judgment was made on behalf of the relator. The motion was denied, and on the same day he was sentenced to imprisonment in the penitentiary for six months at hard labor, and to pay a fine of $1,000, the defendant to stand committed until the fine should be paid. On December 17, 1930, application was again made for a rule to show cause why a new trial should not be granted, which rule was disallowed. During the period between the relator's conviction and the imposition of sentence on December 12, 1930, he was at large upon his own recognizance.

It is alleged by the relator that the judge of the Essex county court had no authority or power to impose sentence or pronounce judgment on December 12, 1930, because that power was expressly denied him by the provisions of chapters 231 and 232 of the New Jersey Laws of 1928. The pertinent part of chapter 231 is as follows: "55. After conviction and sentence the court before which such conviction was had upon the application of the defendant for a new trial shall have power at any time within the period of six months from the date of the entry of such conviction, to open and vacate the same and grant a new trial and discharge the defendant from custody upon bail, pending such new trial, and may also at any time within the period of thirty days from the date judgment is entered, but not thereafter, upon application of the defendant, or on its own motion, open and vacate the judgment entered on any conviction and resentence the defendant, as right and justice may seem to require and discharge the defendant from custody upon bail, pending such resentence; provided, no writ of error is pending to review such judgment."

The pertinent part of chapter 232 is as follows:

"1. In all criminal cases where sentence is by law to be imposed, it shall be the duty of the trial court to impose sentence upon the defendant within the following periods:

"Where there has been a trial and a verdict of a jury or determination of a court sitting without a jury, it shall be the duty of the court to impose sentence within thirty days after the rendition of such verdict or determination. Where there has been a plea of guilty or other plea upon which sentence may be imposed, it shall be the duty of the court to impose such sentence within forty days after acceptance of such plea. Where a sentence has been opened and vacated, it shall be the duty of the court, except where a new trial is granted, to resentence the defendant within ten days after the said sentence was so opened and vacated."

Although the defendant moved for a new trial within thirty days after verdict, it is contended that the court was without power to impose sentence after the expiration of the thirty days because of the provisions of chapter 232, and that it was mandatory and obligatory upon the court to give judgment upon the relator's application for a new trial within six months from the date of conviction because of the provisions of chapter 231. In reliance upon the construction of those statutes, the relator on December 31, 1930, applied to the Chief Justice of the Supreme Court of New Jersey for his discharge upon a writ of habeas corpus. The writ was allowed, and, after hearing on January 3, 1931, the Chief Justice denied the petition, dismissed the writ, and remanded the relator to the Essex County Penitentiary. The relator on January 7, 1931, made application to the Supreme Court of New Jersey for a writ of certiorari, which application was denied on January 9. The application for certiorari into the Supreme Court is alleged to be under provisions of an act entitled "An Act for preventing the injury of illegal confinement, and better assuring the liberty of the people," 2 Compiled Statutes 1910, p. 2639, and in particular section 53 thereof, which provides as follows: "53. In criminal cases, prisoner may appeal; in civil cases, either party.—That all proceedings commenced under this act before a justice of the supreme court, may be removed, after final decision by such justice, by certiorari into the supreme court, that is to

say, if the imprisonment is for an alleged crime, and the decision is against the right of the prisoner to a discharge, the prisoner may remove such proceeding; if on civil process either party may do so; in like manner the final decision of the supreme court thereon may be removed, by writ of error, into the court of errors and appeals; provided, however, that if a discharge has been awarded, such appeal shall not stay such discharge. (Rev. 1877, p. 475.)"

█ Notwithstanding that the latter act provides a right to appeal on writ of error, the relator, claiming that he is deprived of his rights under the Fourteenth Amendment, asks this court to hold that the action of the court of common pleas and the Supreme Court of New Jersey has deprived him of his liberty without due process of law. There are two well-established rules governing the court in this case.

The first is that, except in extraordinary circumstances, the writ of habeas corpus cannot be utilized for the purpose of proceedings in error. Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147; Craig v. Hecht, 263 U. S. 255, 44 S. Ct. 103, 68 L. Ed. 293. There are no exceptional circumstances in this case to take it out of that rule.

█ The second rule is that, in the construction of state statutes, the federal courts will adopt the construction put upon them by the state courts. Upon the application to the New Jersey Supreme Court for a writ of certiorari, that court filed a per curiam opinion (152 A. 775, 776, 9 N. J. Misc. R. 66) set out in the brief for the state of New Jersey citing an opinion by Vice Chancellor Garrison in State v. Osborne, 79 N. J. Eq. 430, 82 A. 424, where a similar statute was construed adversely to the contention of the relator, and, citing the statutes in controversy here, the court said:

"It is argued that the effect of these legislative enactments is to require the court to impose sentence within thirty days after the rendition of a verdict, and that although the defendant in this case was seeking to have his conviction set aside the court must impose the sentence within the time fixed by law, although it was considering the matters urged on the defendant's rule, and thereby lost its power to impose sentence. Thus, the defendant by trick could defeat the state of its remedy.

"It is inconceivable to suppose that the Legislature intended any such result. As Vice Chancellor Garrison pointed out in State v. Osborne, supra, the power to suspend sentence where the defendant does not object resides in the courts of this state. It certainly resides in these courts where defendant, by his own motions, has delayed the imposition of sentence. Otherwise, the legislative enactment, which was obviously intended to be merely directory, would result in fugitives from justice and those who sought a new trial by rule to show cause on motions in arrest of judgment securing a release from the penalties of the law and would, by the mere passage of days, secure immunity from punishment.

"We see nothing in sections 53, 54, or 56 of the Habeas Corpus Act, 2 Compiled Statutes, p. 2651, that makes it mandatory upon us to issue a writ of certiorari in a case such as this. Certainly, the practice was not so understood by Vice Chancellor Garrison in State v. Osborne, and no reason has been suggested to us to the contrary.

"The writ will be denied."

In the case of Erie R. R. Co. v. Hilt, 247 U. S. 97, 38 S. Ct. 435, 436, 62 L. Ed. 1003, where a construction was placed by this court upon a statute of New Jersey in the absence of its construction by the Court of Errors and Appeals, the highest court of the state, Mr. Justice Holmes, in an opinion reversing the judgment of this court (246 F. 800), said: "The words of the statute seem to us to require a different construction from that adopted and they have been given their full literal meaning by the Supreme Court of the State in the case of an infant younger than the plaintiff. Barcolini v. Atlantic City & Shore R. R. Co., 82 N. J. Law, 107, 81 A. 494. In view of the importance of that tribunal in New Jersey, although not the highest Court in the State, we see no reason why it should not be followed by the Courts of the United States, even if we thought its decision more doubtful than we do."

██ While the statutes invoked here have apparently not been construed by the Court of Errors and Appeals of New Jersey, although the relator might have appealed to that court from the decision of the New Jersey Supreme Court, we, following Erie R. R. Co. v. Hilt, adopt the ruling of the latter in its construction of the statutes in question.

The petition is dismissed, and the writ of habeas corpus denied.