ERIE RAILROAD CO. *v.* DUPLAK ET AL.

No. 608. Argued April 20, 1932.—Decided May 23, 1932.

*Messrs. Ralph E. Cooper* and *George S. Hobart,* with whom *Mr. Duane E. Minard* was on the brief, for petitioner.

*Mr. Jack Rinzler,* with whom *Mr. Frederic B. Scott* was on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Michael Duplak, a boy five years of age, sustained personal injuries, resulting in the loss of a leg, while playing upon a railroad bridge built by petitioner over a canal in Passaic, New Jersey. The track crossing the bridge was used only for drilling freight cars—that is, for pulling them into and out from sidings. At the time of the accident the boy was resting on his right knee, looking down into the water of the canal, with his left leg extended over the rail and under one of a string of cars standing on the bridge. While he was in that position, other cars were backed against the standing cars, causing them to move and run over the boy's leg. A sign stood at one end of the bridge warning of danger and forbidding all persons to go upon the bridge. It appeared that from time to time boys had played upon the bridge and had put diving boards on the lower tiers which were used during the summer when the boys were swimming. Naturally, they were not in use in December, when the accident happened.

In an action brought in the name of the boy and his parents in a federal district court for New Jersey, a verdict and judgment were rendered against the petitioner, and affirmed on appeal by the court of appeals. 53 F. (2d) 846.

It is unnecessary to discuss the question of negligence. The case is ruled by a statute of the State of New Jersey, which makes it unlawful " for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway; if any person shall be injured by an engine or car while walking, standing or *playing* on any railroad . . . such person . . . shall not recover therefor any damages from the company owning or operating said railroad." Laws of New Jersey, 1903, c. 257, § 55. This statute has been construed by the supreme court of the state so as to deny recovery for the injury of a child twenty-one months old who had strayed upon the private right of way of a railroad company at a place not a public crossing, and who was there struck by a car, resulting in the loss of one of his legs. The court held that the statute barred recovery by any person who walked, stood or played upon a railroad, and applied to all persons alike without distinction as to age or physical or mental condition. *Barcolini* v. *Atlantic City & S. R. R. Co.*, 82 N. J. L. 107; 81 Atl. 494.

The rule of this decision was accepted and applied in *Erie R. Co.* v. *Hilt*, 247 U. S. 97. That was the case of a boy less than seven years old, who had been playing marbles near a siding of the railroad and was injured while endeavoring to reach a marble which had rolled under a car standing upon the siding. The Circuit Court of Appeals for the Third Circuit sustained a recovery. This court reversed on the New Jersey statute, *supra,*

as construed in the *Barcolini* case. An attempt is made to distinguish the instant case, but upon comparison of the facts here disclosed with those of the *Barcolini* and *Hilt* cases, we are unable to find any such difference as to constitute a substantial basis for making a distinction.

We find it unnecessary to consider whether the conduct of the railroad company amounted to an invitation to the boy to play upon the bridge. There was certainly no express invitation. The right of way was enclosed by a fence, so far as that could be done without interfering with the movement of cars, and a warning sign put up at one end of the bridge. However, the point is settled by the state law and effectually disposed of by the *Hilt* case. The facts there were before the court but are not fully recited in the opinion. As shown by the decision of the court of appeals (*Erie R. Co.* v. *Hilt*, 246 Fed. 800, 801), there was open ground next to the siding used as a driveway to the station and the siding. This had been used as a playground by children, some very young, who were accustomed to play on the open ground, on the siding itself, and over and about the cars standing on the rails. The practice was frequent and well known to the railroad. Children sometimes were driven or ordered away, but with little effect, since there was no barrier to keep them off. Notwithstanding that the bearing of the facts was more strongly against the railroad than is the case here, it was held that, in the face of the statute, there could be no recovery. " The statute," this court said (p. 101), " seemingly adopts in an unqualified form the policy of the common law as understood we believe in New Jersey, Massachusetts, and some other States, that while a landowner cannot intentionally injure or lay traps for a person coming upon his premises without license, he is not bound to provide for the trespasser's

444

safety from other undisclosed dangers, or to interrupt his own otherwise lawful occupations to provide for the chance that someone may be unlawfully there."

In support of that statement, *Turess* v. *N. Y., Susq. & West. R. Co.*, 61 N. J. L. 314; 40 Atl. 614, among other cases, is cited. There the court rejected the contention that the railroad company was liable for an injury to a child who had come upon the property of the company and been injured while playing on a turntable, which was claimed to be an attractive nuisance. See also *Kaproli* v. *Central R. R. of N. J.*, 105 N. J. L. 225; 143 Atl. 343. The effect of the *Hilt* decision is to accept the state statute, as construed by the state court, as having put a negative upon the implied invitation and attractive nuisance doctrines; and the same statute necessarily controls here whatever, otherwise, might be the rule.

*Judgment reversed.*