## KOWALESKI v. PENNSYLVANIA R. CO.
### No. 4335.

District Court, D. New Jersey.
March 7, 1938.

E. Burke Finnerty, of Jersey City, N. J., for plaintiff.

John A. Hartpence, of Jersey City, N. J., and B. Thorn Lord, of Trenton, N. J., for defendant.

FORMAN, District Judge.

Plaintiff sues under the Death Act of New Jersey, R.S.1937, 2:47–1 to 2:47–6, 2 Comp.St.1910, p. 1907, § 7, Comp.St. Supp.1924 § 55—10, for the death of his twelve year old son. He makes the following pertinent allegations:

"4. On said July 25th, 1933, the said decedent Henry Kowaleski, was a trespasser upon certain railroad tracks running through the City of South Amboy in Middlesex County, New Jersey, over which tracks the defendant, The Pennsylvania Railroad Company was operating a train in a general easterly direction, said train being known as train number 720, engine number 3749, which train was being operated by the said defendant through its agent the engineer, Edward M. Welch, when because of the willful negligence, carelessness and unskilfulness of the said defendant through its said agent the engineer aforesaid, as hereinafter set out, the said engine and train was caused to come into violent contact with the said decedent Henry Kowaleski, inflicting injuries from which the said Henry Kowaleski died the same day.

"5. The willful negligence, carelessness and unskilfulness of the defendant consisted in this: that while its agent, the engineer in charge of said train was proceeding in an easterly direction on said track toward Perth Amboy, New Jersey, he noticed the presence of three boys, (one of whom was the decedent Henry Kowaleski) walking easterly along said east bound track when he, the said engineer was still at a great distance from said boys, and at the same time the said engineer noticed a train of The Central Railroad Company of New Jersey proceeding in a westerly direction on the westerly track adjoining and adjacent to the said east bound track upon which said defendant's train was proceeding, and the said engineer operating the said defendant's train saw and knew, that said boys were in a position of peril and danger, and should have exercised reasonable care under the circumstances to have avoided striking the said boys, by slowing down the speed of his said train so as to avoid striking the said three boys as it was reasonably within his power to do, but wholly disregarding this duty, he willfully, negligently, carelessly and unskilfully caused, allowed and permitted his said engine and train to proceed along said track without diminishing or retarding the speed thereof, and without taking any steps to have his said engine and train sufficiently under his control to stop said train before striking said boys, and he did thereby cause, allow and permit his said train to strike the three boys aforesaid, one of whom was the decedent Henry Kowaleski."

The defendant moved to strike the complaint for the following reasons: (1) The facts alleged in the plaintiff's complaint do not constitute willful or wanton negligence. (2) The decedent was guilty of contributory negligence because he did

not step from the tracks upon the approach of the train. (3) It was not willful or wanton negligence on the part of the engineer to presume that the said decedent would, upon the nearer approach of the train, step from the tracks and thus place himself out of danger. (4) Under the facts as alleged, willful or wanton negligence of the engineer cannot be attributed to the defendant company. (5) Section 55 of the New Jersey Railroad and Canal Act, R.S.1937, 48:12–152, 3 Comp.St.1910, p. 4245, § 55, applies to and is dispositive of the plaintiff's case. The statute is as follows: "It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway. Any person injured by an engine or car while walking, standing or playing on a railroad, or by jumping on or off a car while in motion shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad. This section shall not apply to the crossing of a railroad by a person at any lawful public or private crossing."

The above statute was applied in the case of Erie Railroad Co. v. Duplak et al., 286 U.S. 440, 52 S.Ct. 610, 611, 76 L.Ed. 1214, wherein a boy five years of age was injured while playing upon a railroad bridge. The court made the following comment in connection with the statute: "This statute has been construed by the Supreme Court of the state so as to deny recovery for the injury of a child twenty-one months old who had strayed upon the private right of way of a railroad company at a place not a public crossing, and who was there struck by a car, resulting in the loss of one of his legs. The court held that the statute barred recovery by any person who walked, stood, or played upon a railroad, and applied to all persons alike without distinction as to age or physical or mental condition. Barcolini v. Atlantic City & S. R. R. Co., 82 N.J.L. 107, 81 A. 494." 286 U.S. 440, 442, 52 S.Ct. 610, 611, 76 L.Ed. 1214.

This statute was also applied in the case of Erie R. Co. v. Hilt, 247 U.S. 97, 38 S.Ct. 435, 62 L.Ed. 1003. In that case the plaintiff, a boy less than seven years old, had been playing marbles near the siding of a railroad when a marble rolled under a car. The boy tried to reach the marble with his foot, and while he was doing so the car was backed and his left leg was so badly hurt that it had to be amputated. In denying recovery the court made the following statement: "The statute seemingly adopts in an unqualified form the policy of the common law as understood we believe in New Jersey, Massachusetts, and some other States, that while a landowner cannot intentionally injure or lay traps for a person coming upon his premises without license, he is not bound to provide for the trespasser's safety from other undisclosed dangers, or to interrupt his own otherwise lawful occupations to provide for the chance that some one may be unlawfully there." 247 U.S. 97, 101, 38 S.Ct. 435, 436, 62 L.Ed. 1003.

Plaintiff seeks to differentiate the instant case from the cases above cited. It is contended that the statute is not a bar to an action when it is alleged and proved that the injuries sustained are the result of a defendant's willful act. It is true that in the Hilt and Duplak Cases, supra, there was no question about the defendant's conduct being willful. Before plaintiff is entitled to an adjudication upon the merits of his contention, it must first be determined whether or not he has made proper allegations as to the willful conduct of this defendant. If his allegations are lacking in this respect, he is not in a position to raise the point.

A review of paragraph No. 4 of the complaint discloses that plaintiff has done no more than allege that defendant was willfully negligent, careless, and unskillful. In paragraph No. 5, however, plaintiff undertakes to particularize the basic facts from which his deduction of intentional conduct is derived. Concisely stated, the plaintiff alleges that the engineer of defendant's train saw and knew that the plaintiff was in a position of danger, that it was within the engineer's power to avoid the accident by stopping the train, but that the engineer disregarding his duty willfully proceeded and injured the plaintiff.

From the face of the complaint it appears that the train which hit the decedent was going in an easterly direction. Also, it is alleged that another train was coming in the opposite direction on a track next to that on which the decedent was struck. Nothing is said of any obstacle that prevented the decedent from stepping off the track to the side opposite that on which the other train was traveling, and in the absence of such allegation it seems reasonable to assume that nothing prevented the decedent from making such a movement.

Further, it must be obvious under the present allegation that such a movement from the track could have been executed by the decedent in less time than it would have taken for the defendant's engineer to have stopped his locomotive as the allegations of the complaint would require him to do.

■ It is to be noted that the complaint speaks of the fact that the engineer "noticed" the boys, and "noticed" the train approaching in the opposite direction. Such action upon the part of the defendant's engineer cannot be pleaded by the plaintiff in that manner. The engineer himself would be the only person who could declare that he "noticed" the boys or the train. This portion of the complaint can have no more value than an allegation declaring that the boys were on the track and a train was approaching in the opposite direction and that the engineer could have seen them if he were looking. Of course, even a basic statement of such character would not sustain the ultimate allegation of "willful negligence."

The court will not undertake to differentiate between the pleading of facts and conclusions of law. Confusion on this subject has existed for many years. So long as the line of demarcation between the two categories remains a fading transition, the confusion also will remain. From what may be gleaned from the allegations one cannot discern whether or not it was within the power of the decedent to remove himself from the zone of danger. Surely, if that were true the dictates of public policy would command that the burden of avoiding the accident would be upon the decedent rather than the operator of the moving train. On the other hand, if the decedent were unable *absolutely* to remove himself from the point of danger it should have been alleged that he was vainly attempting to extricate himself, that the engineer of the oncoming train was in a position to observe his predicament so many yards from the victim, that it was reasonably within his power to avoid the accident, but that he disregarded this duty and willfully ran upon and injured the decedent. Allegations in this form would leave no room for conjecture. The enumeration of the chain of events would substantiate a conclusion of intentional conduct on the part of the engineer.

■ It is a general rule of law that the engineer of a moving locomotive may presume that one trespassing upon its right of way will endeavor to avoid the accident.

Young v. South Georgia Ry. Co., 34 Ga. App. 537, 130 S.E. 542, 543; Fierro v. New York Central R. Co. et al., 256 N. Y. 446, 176 N.E. 834, 835.

In Young v. South Georgia Ry. Co. the court observed: "It is the rule that the operatives of a railway train are not ordinarily bound to anticipate the presence of trespasser upon its right of way, and that the only duty which a railway company ordinarily owes to a trespasser upon its property is not to injure him wantonly or willfully after his presence has been actually discovered; that, while the failure to exercise ordinary care to prevent his injury after his presence has been ascertained may amount to wanton negligence, the company is ordinarily authorized to act upon the presumption that trespasser, apparently of full age and capacity, who is seen standing or walking upon or along the track, will leave it in time to protect himself, and that the duty of exercising special precautions to protect such a trespasser when discovered arises only when it is reasonably apparent that for some reason he is off his guard or incapacitated to protect himself. See Tice v. Central of Ga. Ry. Co., 25 Ga.App. 346, 103 S.E. 262, and cases therein cited."

In the case of Fierro v. New York Cent. R. Co. et al., the court stated: "The decisions of the courts of this state as well as those of the federal courts preclude any possibility of affirming this judgment. As early as Chrystal v. Troy & Boston R. Co., 105 N.Y. 164, 11 N.E. 380, was formulated a rule that a locomotive engineer, seeing a person on the track at a time when his train is perfectly visible, may assume that such person will leave the track in time to escape injury, and, without imputation of negligence, may continue his run until he discovers that the person is heedless of danger. This rule was repeated and even more strictly applied in O'Brien v. Erie R. Co., 210 N.Y. 96, 103 N.E. 895, where we held that an engineer has the right to assume that one whom he sees on the track repairing it will leave it in time to escape injury, and that a jury may not infer negligence from the engineer's failure to keep a vigilant outlook, to sound a warning, or to slow down his train when rounding a curve at a speed of fifty miles an hour."

■ Therefore, the court is constrained to hold that plaintiff has not properly pleaded willful negligence in his complaint so as to bar the raising by the defendant

of the provisions of section 55 of the New Jersey Railway and Canal Act, because the complaint does not sufficiently allege the decedent's position of inescapable danger and because the allegations of intentional conduct upon the part of defendant's engineer fail of support by basic allegations.

The plaintiff has moved to amend the complaint by supplying the words "or wanton" after "willful" and before "negligence" in the fourth and fifth paragraphs thereof. The addition of the adjective "wanton" would lend no utility to the pleading and would reflect no change in the result of this consideration.

Therefore, the amendment will be denied and the complaint dismissed.