**LISSAK et al. v. PENNSYLVANIA R. CO.**

**No. L–7544.**

District Court, E. D. New York.

May 23, 1940.

Friedman & Friedman, of New York City (Frederick E. Weinberg, of New York City, of counsel), for plaintiffs.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

GALSTON, District Judge.

The New Jersey Railroad and Canal Act, (3 Comp.Stat.1910, p. 4245, Sec. 55; Rev.St.1937, 48:12–152, N.J.S.A. 48:12–152) as considered both by the courts of New Jersey and the Supreme Court, bars recovery by the plaintiff in this case, and in consequence it is immaterial to determine whether the defendant violated the so-called Fences and Cattle-guards section of the Compiled Statutes of New Jersey, approved April 12, 1910, N.J.S.A. 48:12–46 which provided: "21. Fences and cattle-guards; penalty for driving cattle on railroad.—Every company organized under this act shall erect and maintain fences on the sides of its road of the height and strength of division fences required by law, with gates or barways at farm-crossings; and shall also construct and maintain cattle-guards at road-crossings sufficient to prevent cattle and animals from getting on the railroad;"

The examination before the trial of the infant plaintiff establishes a defense of contributory negligence, for the boy was playing on the defendant's railroad tracks when he tried to board the moving freight train. At first impression the query is whether a boy of tender years (the plaintiff was but eight years old) can on motion of this kind be held to such reasonable care as would be expected from one of mature years. The New Jersey courts have passed upon the question and have held that the statute is a bar to recovery by any person and applies without distinction as to age or physical or mental condition. Barcolini v. Atlantic City & S. R. Co., 82 N.J.L. 107, 81 A. 494. The decision of that case was accepted and applied in Erie R. Co. v. Hilt,

247 U.S. 97, 38 S.Ct. 435, 62 L.Ed. 1003, and Erie R. Co. v. Duplak et al., 286 U.S. 440, 56 S.Ct. 610, 76 L.Ed. 1214. Accordingly, the motion to dismiss the complaint and direct judgment for the defendant is granted. Settle order on notice.