**COHEN et al. v. PENNSYLVANIA-READING SEASHORE LINES.**

Civ. No. 3295.

District Court, E. D. Pennsylvania.

Jan. 6, 1944.

546

George H. Detweiler and Maurice E. Cohen, both of Philadelphia, Pa., for plaintiffs.

Henry R. Heebner, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The motion to dismiss must be granted. Kowaleski v. Pennsylvania R. Co., 3 Cir., 103 F.2d 827, and the cases therein cited are dispositive of the issue in the instant case. The recovery for the injuries sustained by the minor plaintiff is barred by the provisions of Section 55 of the General Railroad Act of New Jersey, P.L. 1903, c. 257, p. 673, R.S.N.J. 1937, 48:12–152, N.J.S.A. which reads as follows: "It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway. If any person shall be injured by an engine or car while walking, standing or playing on a railroad or by jumping on or off a car while in motion (such person) shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad. This section shall not apply to the crossing of a railroad by any person at any lawful public or private crossing."

As was stated in Kowaleski v. Pennsylvania R. Co., 103 F.2d at page 829: "* * * This statute applies to all persons alike, without distinction as to age or physical or mental condition. Barcolini v. Atlantic City & S. R. Co., 82 N.J.L. 107, 81 A. 494; Erie R. Co. v. Hilt, 247 U.S. 97, 38 S.Ct. 435, 62 L.Ed. 1003. The act by declaring trespassers upon railroad tracks to be guilty of contributory negligence as a matter of law bars recovery by them against the railroad in actions based upon the negligence of the latter. Barcolini v. Atlantic City & S. R. Co., supra; Erie R. Co. v. Hilt, supra; Erie R. Co. v. Duplak, 286 U.S. 440, 52 S.Ct. 610, 76 L.Ed. 1214. It is, therefore, clear that if the plaintiff's complaint was based upon the negligence of the defendant it was properly stricken out."

While, as pointed out in the Kowaleski case, contributory negligence of the plaintiff does not bar recovery in an action for wilful or wanton injury, there is no allegation in the amended complaint in this case that there was any wilful or wanton conduct on the part of the railroad's employees.

In accordance with what has been stated, defendant's motion to dismiss is hereby granted and the action is dismissed.