JONATHAN HESS, APPELLANT, v. ATLANTIC CITY RAIL-
ROAD COMPANY, RESPONDENT.

Argued November 19, 1920—Decided February 28, 1921.

Where plaintiff, for the purpose of his own convenience, availed him-
self of the use of a right of way of a railroad, against his better
knowledge and the experience of the inherent danger of adopting
such a course, as well as in the face of posted warnings that his
act would be tantamount to the act of a trespasser, he placed
himself in the legal category of a trespasser, to whom no duty
was owing by the defendant railroad company excepting that of
refraining from the perpetration of an act of willful or wanton
injury.

On appeal from the Camden County Circuit Court.

For the appellant, *Wescott & Weaver*.

For the respondent, *French & Richards*.

The opinion of the court was delivered by

MINTURN, J.   The plaintiff was injured while walking
along defendant's right of way, near Tuckahoe station, in
Cape May county, by being struck by one of defendant's
engines.   The trial court nonsuited, upon the ground that
the plaintiff at the time occupied the status of a trespasser,
while the gravamen of the plaintiff's case was that he was
there by implied invitation, and occupied the status of an
invitee or at least a licensee.

The plaintiff had been an employe of the defendant, both
as a fireman and engineer, and therefore his knowledge of the
*locus in quo* was superior to that of a stranger, who might
be said to be inveigled by appearances; and yet appearances
even to a stranger in this situation were not of an inviting
character; for it was in evidence that at the point where
the tracks cross the public road, twelve hundred feet north
of the station, towards which the plaintiff was directing his

steps, there was erected a sign "Do not trespass on the railroad;" and near the station at the water tower was erected a similar sign. Between the series of tracks which occupy the right of way is the usual space, covered with cinders and coal debris, which was also obstructed by unprotected switches, pipes and wires protruding several inches above the surface of the ground; and as the tracks neared the station they converged so as to obliterate the distinctive space which presented the alleged pathway. The practical effect of the convergence is to force one using the path to walk upon the ties of the tracks or to cross over them, so as to avoid contact with passing cars; and it was at the point where the plaintiff had emerged from the alleged pathway, and was walking on the ties that he was struck by the extending portion of a passing engine. So far conscious of the obvious dangers incident to the use of such a pathway for public travel was he, that the plaintiff had cautioned his children against its use. At night no effort to protect the public in its use by lights, guards or otherwise, was made by the company as a practical recognition of its public use, but the space was treated as inter track spaces are generally treated in the operation of railroads, as existing not for wayside convenience, or as a necessity for public travel, but as spaces of necessity in the construction and conformation of roadbeds, and their appurtenances, in order to admit of the proper and safe manipulation of passing trains. In no sense was the space treated as a public highway, either from the obvious configuration of the ground and tracks, and their necessary impedimenta, or from the viewpoint of the company which had indicated its intent to preserve its proprietary ownership and distinctive railroad use, as well as to warn and guard the traveling public against an invasion of such proprietary right, by posting notices conspicuously at either entrance to the right of way, the prohibitive notice referred to indicating that the space was devoted distinctively to such railroad use. There have been cases like *Fedele* v. *W. J. & S. R. R. Co.*, 91 *N. J. L.* 638, and *Corson* v. *Atlantic City R. R.*, 83 *Id.* 517, where as we

said in the Fedele case, "No question was made as to the use which the public, with the apparent recognition and consent of the defendant, made of the pathway;" or where a way of necessity was availed of by reason of the obstructive action of the railroad itself, in blocking the recognized roadway to the station, and upon which situations liability was predicated. But the case at bar presents no such distinctive features to take it out of the general rule which was emphasized by this court in *Dieckman* v. *D., L. & W. R. R.*, 81 *Id.* 460; *Furey* v. *N. Y. C. & H. R. R.*, 67 *Id.* 270; *Devoe* v. *O. & W. R. R.*, 63 *Id.* 276; *Garrett* v. *Atlantic City Railroad*, 81 *Id.* 570, and other cases, that mere passive acquiescence by an owner of a certain use of his land by others invokes no liability.

In the Corson case we declared that "under normal conditions the existence of a worn path across railroad tracks to a station cannot be relied on as an invitation to use that path so as to make the railroad company responsible for injuries due to mere negligence, so long as there is a safe pathway provided for such access."

In the case *sub judice* such a road or pathway was in existence, and publicly known and traversed with the knowledge of this plaintiff. But it is obvious that for the purposes of his own convenience, he availed himself of the use of this right of way, against his better knowledge, and the experience of the inherent dangers of adopting such a course, as well as in the face of the posted warning that his act would be tantamount to the act of a trespasser, and as such was prohibited by the statutory railroad law of the state, section 55, Railroad and Canal act. *Comp. Stat., p.* 4245.

It becomes manifest, therefore, that the act of the plaintiff in these circumstances places him in the legal category of a trespasser, to whom no duty was owing by the defendant, excepting that of refraining from the perpetration of an act of willful or wanton injury. *Phillips* v. *Library Co.*, 55 *N. J. L.* 307; *D., L. & W. R. R.* v. *Reich*, 61 *Id.* 635.

This conclusion obviously renders it unnecessary to consider the legal questions of negligence and contributory negligence presented in the briefs.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.