EMANUEL GROSS, APPELLANT, v. NEW YORK CENTRAL RAILROAD COMPANY, RESPONDENT.

Submitted December 10, 1923—Decided May 19, 1924.

1. A pleading should not be struck out as insufficient in law, upon motion tantamount to a general demurrer, unless the insufficiency be apparent on its face.
2. A general denial, corresponding to a common traverse or general issue under the common law practice, puts the opposite party to his proof of the essential facts stated in his pleading, even where there is added to the traverse a pleading in confession and avoidance.

On appeal from the Supreme Court, whose *per curiam* is reported in 1 *N. J. Mis. R.* 425.

For the appellant, *Isaac Gross.*

For the respondent, *Eugene H. Vredenburgh.*

The opinion of the court was delivered by

PARKER, J. Plaintiff had a judgment in the Common Pleas, which, on appeal to the Supreme Court, was reversed for reasons stated in its *per curiam* cited above. Our conclusion is that that reversal was erroneous, for reasons presently to be stated.

The first and second counts of the complaint were struck out by the trial court, and that action was apparently not brought up for review. Motion was made to strike out the third count also. This the court denied, and upon it submitted the case to the jury. On the appeal to the Supreme Court, the grounds stated were—first, refusal to strike out the third count, and secondly, refusal to direct a verdict for defendant, "on the ground that the servants and agents of defendant, with whom the alleged contract was entered into by [plaintiff's assignor] were not authorized by defendant to make said contract." The Supreme Court did

not consider the second ground of appeal, but based its reversal on the first, *i. e.,* refusal to strike out the third count. The motion in that behalf was addressed to the legal sufficiency of the count, and hence was tantamount to a demurrer at common law; so that we necessarily turn to the record, as by that alone the propriety of the judicial action is to be tested.

The third count avers that on October 23d, 1917, defendant was an interstate common carrier; that on that date the Southseas Company (which later assigned to plaintiff) was the owner of certain honey in course of transportation, which was delivered to defendant as such carrier outside of New York State for transportation thereinto, and that defendant agreed to carry safely, &c., and did transport the honey to New York City, where it arrived on about November 21st, 1917, and thereafter defendant held and stored the honey as bailee for delivery only, and the goods were damaged while so held; that on or about November 20th, 1919, the Southseas Company and defendant stated and adjusted the amount of loss, and defendant agreed to pay the sum of $1,151.64 in consideration of forbearance of suit to recover such loss. This count was not attacked until the opening of the trial, after a course of pleading terminating in a rejoinder. The Supreme Court says: "It sufficiently appeared, or was conceded, that   *   *   *   the initial carrier issued a bill of lading which contained the provision that suit shall be instituted only within two years and one day after the delivery of the property,   *   *   *   and which was in accordance with the bill of lading form in the schedule filed by the Southern Pacific Company as required by the act in force at that time." We are unable to find anywhere on the record that this appeared or was conceded in such a way as to support a judgment on the complete record, not to mention a judgment on the face of the complaint. It is true that the "second defense to third count" avers that the shipment was transported under a bill of lading issued by the Southern Pacific Company, containing a clause providing that "suits for recovery of claims for loss, damage or delay shall be in-

stituted only within two years after delivery of the property," and that the action was not commenced within said two years. It does not aver that this was in accordance with the bill of lading form in the filed schedule, so that the decisions cited by the Supreme Court as bearing on waiver of a limitation protected by the aegis of the Interstate Commerce act may be inapplicable. But passing this point, plaintiff replied to this answer—first, by a denial, the successor of a common traverse, which, of course, put in issue the questions whether any such bill of lading existed, and (under the somewhat loose methods now in vogue) the expiration or not of two years. He replied, secondly, that negotiations were in progress for more than two years and one day after delivery, and defendant asked that no suit be brought as it had concluded to settle, and thereby waived any alleged limitation in the bill of lading. Defendant rejoined by a denial, or traverse, and by stating that at the trial motion would be made to strike out the second reply as insufficient in law.

Obviously, the traverse of the second defense raised an issue of fact triable by the country, perhaps several of them, but certainly that relating to the existence of the clause relied on. Under the well-settled practice of several pleas, extended by our statute to replications, &c., the usual practice is to put the other party to his proof by a traverse, and add a plea or pleas in confession and avoidance. 1 *Chit. Pl.* 562; *Tidd Prac.* (9th ed.) 655, 656; *Comp. Stat.*, p. 4088, § 116; *Shallcross* v. *West Jersey and Seashore Railroad Co.*, 75 N. J. L. 395. So that, notwithstanding the second reply to the second defense to the third count, the questions of (a) the existence of a bill of lading, (b) in conformity with a posted schedule, (c) containing a two years' limitation, and (d) the expiration of that limitation, were in issue and triable by a jury even on the completed record. This being so, we are unable to see how the trial court could legally have struck out a count which said nothing whatever about a bill of.lading in any form, even in view of the subsequent pleadings setting it up and denying it.

There was, therefore, no error in the refusal to strike it out, and the judgment of the Common Pleas should be affirmed, unless there is merit in the second ground of appeal, and we think there is none. It challenges, after the evidence is all in, the authority of defendant's claim department officials to settle a claim for damage to property carried. As we understand it, that is exactly what the claim department is for. In this aspect the case seems to be the precise opposite of *Gennet* v. *Lehigh Valley Railroad Co.,* 97 *N. J. L.* 486. In fact, the point was not even argued before us.

The judgment of the Supreme Court will be reversed, and, as no error in that of the Common Pleas has been shown, that judgment will be affirmed.

*For affirmance*—MINTURN, J. 1.

*For reversal*—THE CHANCELLOR, PARKER, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON KAYS, JJ. 9.