## KOWALESKI v. PENNSYLVANIA R. CO.

No. 6834.

Circuit Court of Appeals, Third Circuit.

April 10, 1939.

828

E. Burke Finnerty, of Jersey City, N. J., for appellant.

John A. Hartpence, of Jersey City, N. J., and Thorn Lord, of Trenton, N. J., for appellee.

Before MARIS and CLARK, Circuit Judges, and KALODNER, District Judge.

MARIS, Circuit Judge.

In the District Court for the District of New Jersey the plaintiff, John Kowaleski, Administrator ad prosequendum of the Estate of Henry Kowaleski, deceased, brought suit against the defendant, The Pennsylvania Railroad Company, under the Death Act of New Jersey (Rev.1877, p. 294), R.S.N.J.1937, 2:47–1 to 2:47–6, for the death of Henry Kowaleski, his twelve year old son. The plaintiff's complaint contained the following averments:

"4. On said July 25, 1933, the said decedent, Henry Kowaleski, was a trespasser upon certain railroad tracks running through the City of South Amboy in Middlesex County, New Jersey, over which tracks the defendant, The Pennsylvania Railroad Company, was operating a train in a general easterly direction, said train being known as train number 720, engine number 3749, which train was being operated by the said defendant through its agent the engineer, Edward M. Welch, when because of the willful negligence, carelessness and unskilfulness of the said defendant through its said agent the engineer aforesaid, as hereinafter set out, the said engine and train was caused to come into violent contact with the said decedent Henry Kowaleski, inflicting injuries from which the said Henry Kowaleski died the same day.

"5. The willful negligence, carelessness and unskilfulness of the defendant consisted in this: that while its agent, the engineer in charge of said train, was proceeding in an easterly direction on said track toward Perth Amboy, New Jersey, he noticed the presence of three boys (one of whom was the decedent Henry Kowaleski) walking easterly along said east bound track when he, the said engineer, was still at a great distance from said boys, and at the same time the said engineer noticed a train of The Central Railroad Company of New Jersey proceeding in a westerly direction on the westerly track adjoining and adjacent to the said east bound track upon which said defendant's train was proceeding, and the said engineer operating the said defendant's train saw and knew that said boys were in a position of peril and danger, and should have exercised reasonable care under the circumstances to have avoided striking the said boys, by slowing down the speed of his said train so as to avoid striking the said three boys

as it was reasonably within his power to do, but wholly disregarding this duty, he willfully, negligently, carelessly and unskilfully caused, allowed and permitted his said engine and train to proceed along said track without diminishing or retarding the speed thereof, and without taking any steps to have his said engine and train sufficiently under his control to stop said train before striking said boys, and he did thereby cause, allow and permit his said train to strike the three boys aforesaid, one of whom was the decedent Henry Kowaleski."

Under the New Jersey practice then followed in the court below the defendant moved to strike out the complaint upon the ground that it did not state a legal cause of action. This motion, which was the equivalent of a demurrer (Gross v. New York Central R. Co., 99 N.J.L. 414, 125 A. 110), was granted by that court, which entered judgment for the defendant. We think that its action in so doing, which is the subject of the present appeal, must be affirmed.

Section 55 of the General Railroad Act of New Jersey, P.L.1903, c. 257, p. 673, R. S.N.J.1937, 48:12–152, is as follows: "It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway. If any person shall be injured by an engine or car while walking, standing or playing on a railroad or by jumping on or off a car while in motion [such person] shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad. This section shall not apply to the crossing of a railroad by any person at any lawful public or private crossing."

This statute applies to all persons alike, without distinction as to age or physical or mental condition. Barcolini v. Atlantic City & S. R. Co., 82 N.J.L. 107, 81 A. 494; Erie R. Co. v. Hilt, 247 U.S. 97, 38 S.Ct. 435, 62 L.Ed. 1003. The act by declaring trespassers upon railroad tracks to be guilty of contributory negligence as a matter of law bars recovery by them against the railroad in actions based upon the negligence of the latter. Barcolini v. Atlantic City & S. R. Co., supra; Erie R. Co. v. Hilt, supra; Erie R. Co. v. Duplak,

286 U.S. 440, 52 S.Ct. 610, 76 L.Ed. 1214. It is, therefore, clear that if the plaintiff's complaint was based upon the negligence of the defendant it was properly stricken out.

Contributory negligence of the plaintiff, however, does not bar recovery in an action for willful or wanton injury, sometimes as in this case improperly called willful or wanton negligence. Decou v. Dexheimer, N.J.Sup., 73 A. 49; Restatement, Torts, §§ 481, 482. For such injuries it appears that railroad companies in New Jersey are liable to trespassers on their tracks in spite of the broad language of Section 55. Hess v. Atlantic City R. Co., 95 N.J.L. 494, 113 A. 133; Kaproli v. Central R. of N. J., 105 N.J.L. 225, 143 A. 343, 60 A.L.R. 1430; Erie R. Co. v. Hilt, supra. This brings us to the question whether the averments of the complaint in the case before us disclosed such a cause of action against the defendant. We are not called upon to decide whether the general averment of willful negligence contained in paragraph 4, standing alone, would have been a sufficient statement, since the plaintiff has chosen to specify in paragraph 5 the evidentiary facts which, he contends, support his allegation of willful negligence. He has not suggested that any pertinent facts have been omitted. His case must, therefore, stand or fall upon the facts he has pleaded and upon those alone.

The averments supporting the charge of willful injury were that the defendant's engineer saw three boys, one of whom was the decedent, walking on the track ahead of him when he was still at a great distance from them and at the same time noticed a train approaching them from the opposite direction on the adjoining track, that he saw and knew that they were in a position of peril and danger but nevertheless failed to diminish the speed of his train and, without taking steps to have the train under such control as to be able to stop, he caused and permitted it to strike the boys, causing the injuries from which Henry Kowaleski died.

We agree with the court below that these averments were not sufficient to support the charge of willful injury in the absence of a further averment that the engineer failed to sound a warning signal or saw or otherwise knew that the boys could not or would not step off the track to a position of safety before his train reached

them. If the engineer had seen or known that the boys were in a position of inescapable danger he would clearly have been guilty of a willful or wanton injury in running them down without attempting to stop. In the absence of such knowledge, however, he was entitled to presume after sounding a warning signal that they would leave the tracks in time to escape injury from either train. 52 C.J. Railroads § 2159; 22 R.C.L.Railroads § 198; Fierro v. New York Central R. Co., 256 N.Y. 446, 176 N.E. 834. While we have found no pronouncement by a New Jersey Appellate Court upon this subject the presumption is so firmly grounded in that public policy which requires the regular and speedy operation of railroad trains and is so universally applied that we think it must be held to be a part of the common law of New Jersey and, therefore, applicable here.

The presumption referred to does not apply to children of tender years whom railroad employees observe upon the tracks but it does operate with respect to children who from their size and age appear capable of appreciating their peril. 52 C.J. Railroads § 2161; Baltimore & O. R. Co. v. State, 71 Md. 590, 18 A. 969, (boy of 11 years); Merideth v. Richmond & D. R. Co., 108 N.C. 616, 13 S.E. 137, (boy of 13 years); Trudell v. Grand Trunk R. Co., 126 Mich. 73, 85 N.W. 250, 53 L.R.A. 271, (boy of 7 years). The plaintiff's deceased son was 12 years of age. There was no averment that he was not a normal boy of that age and consequently did not understand the danger of his position, or that the defendant's engineer should have assumed, because of his size or other characteristics, that he would not save himself from injury by leaving the track in time.

In the absence of averments that the engineer saw or knew that the boys were in a position of inescapable danger or that he failed to sound a warning signal or that they appeared so small and immature as not to be able to realize their peril, his action in running them down without having endeavored to slow down and stop his train cannot, in the light of the presumption to which we have referred, be described as willful, that is, intentional. We conclude that the averments of the complaint do not support the charge of willful injury. Nor do they support a charge of wanton injury, which means one consciously inflicted with reckless indifference to the consequences. Staub v. Public Service R. Co., 97 N.J.L. 297, 117 A. 48, Restatement, Torts § 500. The court below, therefore, did not err in refusing plaintiff leave to amend his complaint by averring in paragraphs 4 and 5 that the negligence of the defendant was wanton as well as willful. The complaint, if thus amended, would not have stated a cause of action.

The judgment is affirmed.