Claude MACK, Appellant,

v.

LEHIGH VALLEY RAILROAD COMPANY.

No. 13238.

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1960.

Decided Oct. 24, 1960.

Arnold M. Stein, Jersey City, N. J. (Samuel M. Cole, Jersey City, N. J., Jacob Rassner, Theodore H. Friedman, New York City, Louis J. Greenberg, Jersey City, N. J., on the brief), for appellant.

H. Curtis Meanor, Jersey City, N. J. (Lamb, Langan & Blake, Jersey City, N. J., Arthur J. Blake, Jersey City, N. J., James J. Langan, Jersey City, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

■■ The appeal at bar is without merit. It is clear that the appellant, Mack, when he sustained his injuries, was a trespasser on the Railroad's prop-

# 406

erty, and that, as such, he was within the purview of N.J.S.A. 48:12–152 which, in substance, is a bar to recovery by trespassers, against a railroad, based upon the negligence of the latter. As the defendant Railroad conceded at pretrial, it cannot invoke the provisions of this statute if it wilfully and wantonly injured the plaintiff. Kowaleski v. Pennsylvania Railroad Co., 3 Cir., 103 F.2d 827, certiorari denied 1939, 308 U.S. 556, 60 S.Ct. 95, 84 L.Ed. 467; Staub v. Public Service Railway Co., 1922, 97 N. J.L. 297, 300, 117 A. 48, 49; Egan v. Erie Railroad Co., 1959, 29 N.J. 243, 254, 148 A.2d 830, 836. We find no evidence in the record, however, that would have supported a finding that Mack sustained injuries because of wilful and wanton conduct on the part of the Railroad.

The judgment appealed from will be affirmed.