111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jonathan H. COSBY, Petitioner-Appellant,
v.
William DUNCAN, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55405.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided April 10, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jonathan H. Cosby, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Cosby's first jury trial was not completed due to his midtrial decision to plead no contest. After later withdrawing his plea, Cosby was convicted in a second jury trial of kidnapping with personal use of a firearm, with an affirmative finding regarding two special enhancements. Cosby contends that: (1) trial counsel was ineffective for failing to argue double jeopardy before his subsequent trial; (2) his conviction for kidnapping rather than child stealing violated the Due Process Clause; and (3) his sentence enhancement constituted an unconstitutional "dual use of facts." We have jurisdiction under 28 U.S.C. § 2253, and we review de novo.[1] Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 
 3
 Cosby contends that he received ineffective assistance of counsel due to his trial counsel's failure to raise the issue of double jeopardy at his subsequent trial. We disagree.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 687-88. "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 5
 The Double Jeopardy Clause does not bar the subsequent trial of a defendant who, after the jury has been empaneled, pleads guilty and subsequently withdraws his plea. Taylor v. Kincheloe, 920 F.2d 599, 605-06 (9th Cir.1990). Because Cosby voluntarily withdrew his plea of no contest, the Double Jeopardy Clause did not bar his subsequent retrial. Id. When the court rejected the plea agreement, Cosby was permitted to withdraw his plea and voluntarily did so. His plea withdrawal merely returned him to his pretrial status quo, see id. at 605; it did not entitle him to avert a determination of guilt. See id. at 603-04; 605-06.
 
 
 6
 Because Cosby's trial did not violate the Double Jeopardy Clause, Cosby fails to satisfy the prejudice requirement. See Strickland, 466 U.S. at 687-88. For the same reason, there is no merit to Cosby's claim that the trial court erred by failing to obtain his express waiver of double jeopardy.
 
 
 7
 Cosby further contends that his conviction for kidnapping, Cal.Penal Code § 207(a), rather than child stealing, Cal.Penal Code § 278, violated due process because kidnapping is a general statute, whereas child stealing is a specific statute. We disagree.
 
 
 8
 Two statutes may provide different penalties for identical conduct without offending due process, so long as each statute provides clear notice of the forbidden conduct and the consequences of violation. Grooms v. Keeney, 826 F.2d 883, 888 (9th Cir.1987); United States v. Mackie, 681 F.2d 1121, 1122 (9th Cir.1982) (both following United States v. Batchelder, 442 U.S. 114, 123-24 (1979)). Because California's kidnapping and child stealing statutes provided clear notice of the forbidden conduct and the consequences of violation, Cosby's due process claim is without merit. Moreover, these two statutes are not identical inasmuch as kidnapping, unlike child stealing, contains an element of force. Compare § 207(a) with § 278. This additional element belies Cosby's claim that child stealing more specifically covers his offense, which was committed after tying up the babysitter at gunpoint.
 
 
 9
 Finally, Cosby contends that the trial court violated double jeopardy by relying on a "dual use of facts" to enhance his sentence. We disagree. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983); United States v. Smith, 962 F.2d 923, 932 (1992). In this instance, it is clear that the California Legislature intended the punishment imposed under Cal.Penal Code § 667.85 to be in addition to the term for kidnapping. Cosby's claim is therefore without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Cosby's § 2254 petition was filed before April 24, 1996, this appeal is unaffected by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214. Jeffries v. Wood, 103 F.2d 827 (9th Cir.1996)